MCDONALD HOPKINS LLC

SHAWN M. RILEY (0037235)
PAUL W. LINEHAN (0070116)
JOHN A. POLINKO (0073967)
600 Superior Avenue, East, Suite 2100
Cleveland, OH 44114-2653
Telephone: (216) 348-5400
Facsimile: (216) 348-5474
Email: **sriley@mcdonaldhopkins.com**
**plinehan@mcdonaldhopkins.com**
**jpolinko@mcdonaldhopkins.com**

MOSELEY BIEHL TSUGAWA LAU & MUZZI
A HAWAII LIMITED LIABILITY LAW COMPANY

CHRISTOPHER J. MUZZI (6939)
Alakea Corporate Tower
1100 Alakea Street, 23rd Floor
Honolulu, HI 96813
Telephone: (808) 531-0490, Facsimile (808) 534-0202
Email: **cmuzzi@hilaw.us**

Proposed Co-Counsel to the Debtors and
Debtors in Possession

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re:<br><br>Hawaii Medical Center, et al.,[1]<br><br>    Debtors. | Case No. 11-01746<br>(Chapter 11 Case)<br>(Honorable Robert J. Faris)<br>(Joint Administration Requested) |
| This document relates to:<br>All Cases | |

---

[1] The Debtors are as follows: Hawaii Medical Center, a Hawaii non-profit corporation (Tax No. 20-3409838); Hawaii Medical Center East, a Hawaii non-profit corporation (Tax No. 51-0598670); and Hawaii Medical Center West, a Hawaii non-profit corporation (Tax No. 51-0598672).

# APPLICATION FOR AUTHORITY TO RETAIN AND EMPLOY SCOULER & COMPANY, LLC, AS FINANCIAL ADVISOR FOR THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE

The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby apply to the Court for the entry of an order authorizing the retention and employment of Scouler & Company, LLC ("Scouler") as financial advisor for the Debtors, *nunc pro tunc* to the Petition Date (defined below), pursuant to sections 327, 328 and 330 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

1. On June 21, 2011 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are continuing in possession of their property and are operating and managing their businesses, as debtors in possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code. A motion for joint administration for procedural purposes of the Debtors' chapter 11 cases (these "Chapter 11 Cases") is pending before the Court. No request for the appointment of a trustee or examiner has been made and no committees have been appointed or designated in these Chapter 11 Cases.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and reference from the District Court of Hawaii pursuant to 28 U.S.C.

§ 157. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of these Chapter 11 Cases and this Application is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The factual background relating to the Debtors' commencement of these Chapter 11 Cases is set forth in detail in the Declaration of Kenneth J. Silva, a Member of the Board of Directors, in Support of Chapter 11 Petitions and First Day Motions, filed contemporaneously with this Application.

## RELIEF REQUESTED

4. The Debtors request authority to retain and employ Scouler as a financial advisor in the Debtors' chapter 11 cases *nunc pro tunc* to the Petition Date. Accordingly, the Debtors respectfully request entry of an order under sections 327, 328 and 330 of the Bankruptcy Code authorizing them to retain and employ Scouler as their financial advisor to perform the services that will be necessary during these Chapter 11 Cases and as more fully described below.

## BASIS FOR RELIEF REQUESTED

5. Section 327(a) of the Bankruptcy Code provides that a debtor, subject to Court approval:

> may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor in

possession] in carrying out the [debtor in possession's] duties under this title.

11 U.S.C. § 327(a).

6. Section 328(a), in turn, provides that the employment of a professional person under section 327 of the Bankruptcy Code may be "on any reasonable conditions or terms of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis" subject to later re-evaluation by the court. 11 U.S.C. § 328(a).

7. Rule 2014 of the Bankruptcy Rules requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firms] to be employed, the reasons for the selection, the professional service to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, its respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. Proc. 2014.

8. Scouler has extensive experience and knowledge in, among other things, financial advisory and business stabilization services. Scouler's experience and knowledge makes it highly capable of providing the services the Debtors require, including, among other things, reviewing the Debtors' financial forecasts, assessing the Debtors' ability to operate postpetition

pursuant to debtor in possession financing, and evaluating the joint plan of reorganization proposed by the Debtors and their secured lenders. Accordingly, the Debtors respectfully request entry of an order under sections 327 and 328 of the Bankruptcy Code, and Rule 2014 of the Bankruptcy Rules, authorizing them to retain and employ Scouler during these Chapter 11 Cases and as more fully described below.

9. Scouler has commenced immediate and comprehensive services to the Debtors in these Chapter 11 Cases. Given the services provided thus far, it would be unfair to authorize the retention of Scouler effective as of the date of entry of a retention order. Moreover, it was important to the Debtors that Scouler start providing services in advance of the entry of an order approving its retention. Had Scouler waited, it may have caused harm to the Debtors.

A. **Necessity and Qualifications**

10. Because of Scouler's expertise in bankruptcy and restructuring matters, the Debtors selected Scouler to serve as their financial advisor. The Debtors require an experienced and knowledgeable financial advisor. Scouler has extensive experience in advising chapter 11 debtors and in chapter 11 cases.[2]

---

[2] Scouler has been retained as financial advisor to, among other debtors, Contessa Premium Foods, United States Bankruptcy Court for the Central District of California, Case No. 11-13454,

B. **Services to be Rendered**

11. The Debtors' propose to retain Scouler to render the following services:

   a. Assist the Debtors though the bankruptcy process, including serving as the primary contact for other professionals, the Debtors' secured lenders, unsecured creditors and other parties in interest, in addition to providing non-legal restructuring and bankruptcy advice to the Debtors' Board of Directors (the "Board");

   b. Supervise the preparation of all necessary bankruptcy filings, including the schedules and statements of financial affairs, the monthly reports, and the cash projections for the cash collateral and/or DIP budgets;

   c. Represent the Debtor in all court proceedings to provide testimony on any contested matters and plan feasibility issues, as requested;

   d. Work with the Debtors' management to perform financial review of the Debtors, including, but not limited to, a review and assessment of financial information, including, without limitation, the Debtors' projected short and long-term cash flows;

   e. Provide ongoing, periodic assessments of operations and financial performance, including progress towards achieving the Debtors' strategic objectives;

   f. Conduct ongoing, routine communications with the Company's lenders and other creditors including periodic reviews of the Debtors' performance and progress towards achieving its strategic objectives;

   g. Provide such other similar services as may be necessary to maximize enterprise value; and

---

and Matterhorn Group, Inc., United States Bankruptcy Court for the Eastern District of California, Case No. 10-39672.

      h.      Provide such other services as requested or directed by the Board and agreed to by such officer.

**C.**    <u>**Compensation**</u>

12.    Subject to the Court's approval and in accordance with section 330(a) of the Bankruptcy Code, Scouler will charge the Debtors for services on an hourly basis in accordance with Scouler's ordinary and customary hourly rates, as they may change from time to time, in effect on the date that such services are rendered, plus reimbursement of actual and necessary out-of-pocket expenses incurred by Scouler. The current hourly rates charged by Scouler's professionals range from $250 to $695 an hour. These hourly rates are subject to periodic adjustments. The specific rates for each of Scouler's professionals, as well as other terms relating to Scouler's compensation and reimbursement of expenses, are set forth in the Scouler engagement letter (the "<u>Engagement Letter</u>"), which is attached to the Declaration of Daniel Scouler (the "<u>Declaration</u>").[3]

13.    Scouler will maintain detailed records of time and any actual and necessary expenses incurred in connection with the rendering of their services.

---

[3] A copy of the Declaration of Daniel Scouler is attached hereto as <u>Exhibit A</u>. The Engagement Letter is attached to the Declaration as <u>Exhibit 1</u>.

14. Scouler will submit interim and final applications for compensation and any related expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and Local Bankruptcy Rules.

15. Scouler has previously performed services for, and represented, the Debtors[4]; however, to the best of the Debtors' knowledge, and except as set forth in the Declaration and this Application, Scouler has not represented any of the Debtors' creditors, equity security holders, or any other parties-in-interest, or their respective attorneys, in any matters, related or unrelated to, the Debtors or their estates. Scouler has indicated that it has not, and will not, represent any creditor or other parties in interest in any matter relating to the Debtors or their estates. Accordingly, to the best of the Debtors' knowledge, Scouler does not hold or represent any interest adverse to the Debtors' estates and Scouler is a "disinterested person" as that phrase is defined in Section 101(14) of the Bankruptcy Code.

16. To the best of the Debtors' knowledge, information, and belief, no promises have been received by Scouler or by any professional thereof, as to compensation in connection with these Chapter 11 Cases other than in accordance with the provisions of the Bankruptcy Code. To the best of the Debtors' knowledge, information, and belief, other than certain arrangements

---

[4] Scouler was retained by the Debtors in the chapter 11 bankruptcy case captioned In re: CHA Hawaii, LLC; Case No. 08-01369 (Jointly Administered) (the "2008 Bankruptcy Case"). The Debtors, then Hawaii limited liability companies, converted to Hawaii non-profit corporations upon emergence from the 2008 Bankruptcy Case.

{2692503:3}                              8

Scouler has with its professionals, Scouler has no agreement with any other entity to share with such entity compensation received by Scouler in connection with these Chapter 11 Cases.

D. **Terms and Conditions of Retention**

17. The Debtors propose to retain Scouler pursuant to the terms and conditions set forth in the Engagement Letter. It provides, among other things, that the Debtors shall indemnify and exculpate and provide contribution to Scouler for, among other things, losses or claims incurred as a result of the engagement; provided, however, that such indemnity shall not apply if such losses or claims are a result of the gross negligence and/or intentional misconduct of Scouler. See Engagement Letter, Schedule IV. Such provisions are common in connection with the retention of sophisticated financial advisors in cases of this size. Accordingly, the Debtors request that the Court approve all of the terms of the Engagement Letter (other than the payment of Scouler' fees and expenses) pursuant to section 328(a) of the Bankruptcy Code.

E. **Disinterestedness**

18. To the best of the Debtors' knowledge, information, and belief, except as set forth in the attached Declaration, Scouler (a) does not have any connection with the Debtors, their affiliates, the Court, the United States trustee, any person employed in the Office of the United States Trustee, or its

respective attorneys and accountants, (b) is a "disinterested person" as the term is defined in section 101(14) of the Bankruptcy Code; and (c) does not hold any interest materially adverse to the Debtors or their estates.[5]

## NO PRIOR REQUEST

18. No prior request for the relief sought in this Application has been made to this or any other court.

## NOTICE

19. No trustee, examiner, or statutory committee has been appointed in these Chapter 11 Cases. Notice of this Application has been provided to (i) the United States Trustee for the District of Hawaii, (ii) counsel for St. Francis Healthcare System of Hawaii, as the administrative agent for certain of the Debtors' prepetition secured lenders, (iii) counsel for MidCap Financial, LLC, (iv) those creditors listed on each of the Debtors' List of Creditors Holding 20 Largest Unsecured Claims, (v) the Internal Revenue Service, (vi) the State of Hawaii Department of Taxation, and (vii) Scouler. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

WHEREFORE, the Debtors respectfully request that the Court enter an order: (a) authorizing the Debtors to retain and employ Scouler & Company,

---

[5] To the extent there exist any unpaid fees and/or expenses due and owing from the Debtors to Scouler for any work completed by Scouler for the Debtors prior to the date of the Engagement Letter, Scouler has agreed to waive and release its right to payment or reimbursement for such prior unpaid fees and/or expenses.

LLC, *nunc pro tunc* to the Petition Date to represent the Debtors as their financial advisor in these Chapter 11 Cases, pursuant to sections 327, 328, and 330 of the Bankruptcy Code and Bankruptcy Rule 2014; and (b) granting such other and further relief as the Court may deem proper.

June 21, 2011	HAWAII MEDICAL CENTER

By: Kenneth J. Silva
Its: Member of the Board of Directors