MCDONALD HOPKINS LLC

SHAWN M. RILEY (0037235)
PAUL W. LINEHAN (0070116)
JOHN A. POLINKO (0073967)
600 Superior Avenue, East, Suite 2100
Cleveland, OH 44114-2653
Telephone: (216) 348-5400
Facsimile: (216) 348-5474
Email: **sriley@mcdonaldhopkins.com**
       **plinehan@mcdonaldhopkins.com**
       **jpolinko@mcdonaldhopkins.com**

MOSELEY BIEHL TSUGAWA LAU & MUZZI
A HAWAII LIMITED LIABILITY LAW COMPANY

CHRISTOPHER J. MUZZI (6939)
Alakea Corporate Tower
1100 Alakea Street, 23rd Floor
Honolulu, HI 96813
Telephone: (808) 531-0490, Facsimile (808) 534-0202
Email: **cmuzzi@hilaw.us**

Proposed Co-Counsel to the Debtors and
Debtors in Possession

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re: | Case No. 11-01746 |
| | (Chapter 11 Case) |
| Hawaii Medical Center, et al.,[1] | (Honorable Robert J. Faris) |
| | (Joint Administration Requested) |
| Debtors. | |
| This document relates to: | |
| All Cases | |

---

[1] The Debtors are as follows: Hawaii Medical Center, a Hawaii non-profit corporation (Tax No. 20-3409838); Hawaii Medical Center East, a Hawaii non-profit corporation (Tax No. 51-0598670); and Hawaii Medical Center West, a Hawaii non-profit corporation (Tax No. 51-0598672).

# DECLARATION OF DANIEL SCOULER

Daniel Scouler states on oath as follows:

1. I am the Chief Executive Officer of Scouler & Company, LLC ("Scouler"). This declaration (the "Declaration") is submitted in support of the Application for Authority to Retain and Employ Scouler & Company, LLC, as Financial Advisor for the Debtors *Nunc Pro Tunc* to the Petition Date (the "Application").

2. I am over the age of eighteen years and either have personal knowledge of the facts set forth below or have obtained knowledge of such facts based upon inquiry from those working at my direction. Capitalized terms not otherwise defined herein shall have the meaning assigned to them in the Application.

3. Attached as Exhibit 1 hereto is a copy of Scouler's engagement letter (the "Engagement Letter") with the Debtors.

4. Neither I nor Scouler have agreed to share any compensation or reimbursement awarded in these cases with any other person other than (i) to compensate those who worked on this engagement as part of Scouler's team (which compensation may be paid to an entity which is owned or controlled by members of the Scouler team) or (ii) to the shareholders of Scouler.

5. Scouler has conducted a review, completed under my supervision, of Scouler's records to ascertain any connections that Scouler

has with the parties disclosed in Exhibit 2 hereto. These parties include, among others, the Debtors, the Debtors' secured lenders, the 20 largest unsecured creditors of each Debtor, the professionals in the cases, and current officers. I have limited my search to the parties and persons reflected on Exhibit 2.

6. To the best of my knowledge, information and belief, neither Scouler nor any partner, associate, employee, officer, or agent of Scouler has any connection with the Debtors (other than Scouler's prior retention by the Debtors in the chapter 11 bankruptcy case captioned In re: CHA Hawaii, LLC; Case No. 08-01369 (Jointly Administered), and this representation), the United States Bankruptcy Trustee, any creditors (other than this representation), or any other party in interest, their respective attorneys, and accountants.

7. To the best of my knowledge, information, and belief, neither I nor Scouler holds or represents any interest adverse to the Debtors' estates other than as set forth in the attached Exhibits or in this Declaration.

8. Subject to Court approval and in accordance with the applicable provisions of title 11 of the United States Code (the "Bankruptcy Code"), the Federal Rules of Bankruptcy Procedure, applicable United States Trustee guidelines and the local rules of this District, Scouler will seek payment for compensation on an hourly basis, plus reimbursement of actual and

necessary expenses incurred by Scouler. The rates being charged in these cases are outlined in the Application for the employment of Scouler. The hourly rates for the professionals that will be primarily responsible for Scouler's representation of the Debtors, effective as of January 1, 2011, are as follows:

| | |
|---|---|
| Dan Scouler: | $695.00 |
| Kern Gillette: | $450.00 |
| Bob Noyes: | $400.00 |
| Bret Jacobs: | $400.00 |
| Lars Parkin: | $250.00 |

9. According to Scouler's books and records, during 2011 Scouler did receive $40,307.50 from the Debtors for professional services performed and expenses incurred, of which amount, $15,000 was a retainer pursuant to the Engagement Letter.

10. Additionally, because it is probable that the Debtors will require Scouler to render extensive advisory services, the cost of which cannot be estimated with certainty, it is necessary and essential that the Debtors employ Scouler pursuant to a system of advance payment to render the foregoing services. To the extent that the final fees and expenses of Scouler for this representation do not exceed the amount of the advance payment then held, Scouler will refund the remaining amounts of the advance payment to the Debtors.

11. To the best of my knowledge, information, and belief, except as disclosed in this declaration, neither I nor Scouler has any of the following affiliations with the Debtors: (1) as a creditor, equity security holder, or insider; (2) as a director, officer, or employee of the Debtor within the last two years prior to the date of the filing of the petitions in these cases; or (3) as a holder of an interest materially adverse to the interest of the estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors.

12. Employment of Scouler as a financial advisor to the Debtors is appropriate under sections 327, 328 and 330 of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: June 20, 2011

*Daniel Scouler*

Daniel Scouler
Chief Executive Officer
Scouler & Company, LLC