MCDONALD HOPKINS LLC
Shawn M. Riley (0037235)
Paul W. Linehan (0070116)
John A. Polinko (0073967)
600 Superior Avenue, East, Suite 2100
Cleveland, OH 44114-2653
Telephone: (216) 348-5400
Facsimile: (216) 348-5474
Email: **sriley@mcdonaldhopkins.com**
**plinehan@mcdonaldhopkins.com**
**jpolinko@mcdonaldhopkins.com**

MOSELEY BIEHL TSUGAWA LAU & MUZZI
A HAWAII LIMITED LIABILITY LAW COMPANY
Christopher J. Muzzi (6939)
Alakea Corporate Tower
1100 Alakea Street, 23rd Floor
Honolulu, HI 96813
Telephone: (808) 531-0490
Facsimile: (808) 534-0202
Email: **cmuzzi@hilaw.us**

Proposed Co-Counsel to the Debtors and
Debtors in Possession

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re:<br><br>Hawaii Medical Center, et al.,[1]<br><br>Debtors. | Case No. 11-01746<br>(Chapter 11 Case)<br>(Honorable Robert J. Faris)<br>(Joint Administration Requested) |
| This document relates to:<br>All Cases | |

---

[1] The Debtors are as follows: Hawaii Medical Center, a Hawaii non-profit corporation (Tax No. 20-3409838); Hawaii Medical Center East, a Hawaii non-profit corporation (Tax No. 51-0598670); and Hawaii Medical Center West, a Hawaii non-profit corporation (Tax No. 51-0598672).

{2713586:}

# DEBTORS' MOTION FOR AN ORDER ESTABLISHING BAR DATE FOR FILING REQUESTS FOR PAYMENT OF ADMINISTRATIVE EXPENSE CLAIMS AND APPROVING FORM AND NOTICE THEREOF

The above-captioned debtors and debtors in possession (the "Debtors") hereby move the Court, pursuant to sections 105, 501 and 1111(a) of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), and Rules 2002(a)(7), 3003(c)(3) and 5005(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for the entry of an order establishing bar dates for filing proofs of claim, and approving the form and manner of notice thereof.

In support of this Motion, the Debtors represent as follows:

## BACKGROUND

1. On June 21, 2011 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are continuing in possession of their property and are operating and managing their businesses, as debtors in possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code. A motion for joint administration for procedural purposes of the Debtors' chapter 11 cases (these "Chapter 11 Cases") is pending before the Court. No request for the appointment of a trustee or examiner has been made and no committees have been appointed or designated in these Chapter 11 Cases.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and reference from the District Court for the District of Hawaii pursuant to 28 U.S.C. § 157. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of these Chapter 11 Cases and this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The factual background relating to the Debtors' commencement of these Chapter 11 Cases is set forth in detail in the Declaration of Kenneth J. Silva, a Member of the Board of Directors, in Support of Chapter 11 Petitions and First Day Motions, filed contemporaneously with this Motion.

## RELIEF REQUESTED

4. By this Motion, the Debtors seek an order establishing 4:00 p.m. (Hawaii Time) on August 1, 2011 as the Administrative Claims Bar Date for administrative expense claims arising on or before June 21, 2011. The Debtors also request that the Court find and conclude that the notice and service of the Administrative Claims Bar Date described below provides sufficient notice to all parties in interest of the deadline for filing requests for payment of administrative expenses incurred in these Chapter 11 Cases.

# REQUEST FOR ENTRY OF THE ADMINISTRATIVE CLAIMS BAR DATE ORDER

5.  Bankruptcy Code section 503(a) provides that an entity may timely request payment of an administrative expense. The Court has authority under section 503 to set the time within which such requests must be made. 4 Collier on Bankruptcy ¶ 503(a)[2] (James Wm. Moore 15th ed., 2002). The Debtors request that the Court establish **4:00 p.m. (Hawaii Time) on August 1, 2011** as the bar date for all administrative expense claims arising on or before June 21, 2011.

6.  The Debtors intend, as described below, to provide notice of the Administrative Claims Bar Date on or before June 24, 2011 (the "Notice Date"). If August 1, 2011, is set as the Administrative Claims Bar Date, claimants will have had approximately 36 days after the proposed Notice Date to file requests for allowance of their administrative expenses.

7.  The Administrative Claims Bar Date would apply to each and every administrative expense claim incurred or arising on or before June 21, 2011, with the exception of:

    a.  Requests for allowance of compensation and reimbursement of expenses of professionals pursuant to sections 330, 331, and 503(b) of the Bankruptcy Code;

    b.  Claims of the Office of the U.S. Trustee under 28 U.S.C. § 1930(a)(6); and

c. Any administrative expense previously approved by an order of the Court.

8. The Debtors propose that, consistent with section 503(a) of the Bankruptcy Code, any person or entity, other than a creditor holding a claim falling within the exceptions set forth in paragraph 7 of this Motion, whose claim is an unpaid administrative expense incurred or arising on before June 21, 2011, should be required to file a request for payment of such administrative expense on or before the Administrative Claims Bar Date, and any creditor that fails to do so should be forever barred, estopped, and enjoined from asserting any such administrative expense claim that such person or entity has against the Debtors.

9. The Debtors further propose that notice of the Administrative Claims Bar Date be given in the form attached hereto as <u>Exhibit A</u> (the "<u>Administrative Claims Bar Date Notice</u>"). The Debtors propose to mail, no later than June 24, 2011, the Administrative Claims Bar Date Notice (which includes instructions explaining the procedures for filing a request for payment of administrative expenses) and the Administrative Claim Form to: (a) the Office of the United States Trustee; and (b) all persons or entities whose names and addresses are known to the Debtors who may have claims of any kind against the Debtors including, but not limited to, persons or entities listed on the Debtors' matrix of creditors.

{2713586:}
5
U.S. Bankruptcy Court - Hawaii   #11-01746   Dkt # 23   Filed 06/21/11   Page 5 of 8

10. The Administrative Claims Bar Date Notice indicates that requests for payment of administrative expenses must be filed with the Court on or before 4:00 p.m. (Hawaii Time) on August 1, 2011.

11. The Debtors' operations created the potential for the existence of unknown claims against the Debtors. Such potential claims may include claims of former patients, trade vendors, or former employees, as well as other claims that for some reason are not recorded on the Debtors' books and records. The Debtors believe that it is necessary to provide notice of the Administrative Claims Bar Date to persons and entities whose names and addresses may be unknown to the Debtors. Accordingly, pursuant to Bankruptcy Rule 2002(l), the Debtors request authority, but not the direction, to publish, on or prior to June 28, 2011, the Administrative Claims Bar Date Notice in <u>Honolulu Star Advertiser</u> and <u>Honolulu Weekly</u> (the "<u>Publication Notice</u>").

12. In summary, establishing the Administrative Claims Bar Date in these Chapter 11 Cases will provide creditors with ample time within which to prepare and file their requests for payment of administrative expenses. Holders of administrative expense claims will have not less than thirty days' notice of the Administrative Claims Bar Date.

13. The Debtors expressly reserve their rights to: (a) dispute, or assert offsets or defenses against, any administrative expense claim as to

{2713586:}

6

amount, liability, classification, or otherwise; and (b) object to any administrative expense claim.

## NOTICE

14. No trustee, examiner, or statutory committee has been appointed in these Chapter 11 Cases. Notice of this Motion has been provided to (i) the United States Trustee for the District of Hawaii, (ii) counsel for St. Francis Healthcare System of Hawaii, as the administrative agent for certain of the Debtors' prepetition secured lenders, (iii) counsel for MidCap Financial, LLC, (iv) those creditors listed on each of the Debtors' List of Creditors Holding 20 Largest Unsecured Claims, (v) all other persons or entities whose names and addresses are known to the Debtors who may have claims of any kind against the Debtors including, but not limited to, persons or entities listed on the Debtors' schedules of liabilities, (vi) the Internal Revenue Service, and (vi) the State of Hawaii Department of Taxation. The Debtors submit that, in light of the relief required, no other or further notice need be provided.

## NO PRIOR REQUEST

15. No prior request for the relief sought in this Motion has been made to this or any other court.

16. WHEREFORE, the Debtors respectfully request that the Court enter an order substantially in the form attached hereto as Exhibit B:

(i) establishing **4:00 p.m. (Hawaii Time) on August 1, 2011**, as the last day for creditors to file requests for payment of administrative expense claims incurred or arising on before June 21, 2011; (ii) approving the form and manner of the Administrative Claims Bar Date Notice and the Administrative Claim Form; and (iii) granting such other and further relief as the Court may deem proper.

Dated: June 21, 2011

/s/ Christopher J. Muzzi
CHRISTOPHER J. MUZZI
Moseley Biehl Tsugawa Lau & Muzzi

and

SHAWN M. RILEY
PAUL W. LINEHAN
JOHN A. POLINKO

MCDONALD HOPKINS LLC

PROPOSED CO-COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION