MCDONALD HOPKINS LLC
Shawn M. Riley (0037235)
Paul W. Linehan (0070116)
John A. Polinko (0073967)
600 Superior Avenue, East, Suite 2100
Cleveland, OH 44114-2653
Telephone: (216) 348-5400
Facsimile: (216) 348-5474
Email: **sriley@mcdonaldhopkins.com**
**plinehan@mcdonaldhopkins.com**
**jpolinko@mcdonaldhopkins.com**

MOSELEY BIEHL TSUGAWA LAU & MUZZI
A HAWAII LIMITED LIABILITY LAW COMPANY
Christopher J. Muzzi (6939)
Alakea Corporate Tower
1100 Alakea Street, 23rd Floor
Honolulu, HI 96813
Telephone: (808) 531-0490
Facsimile (808) 534-0202
Email: **cmuzzi@hilaw.us**

Proposed Co-Counsel to the Debtors and
Debtors in Possession

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re:<br><br>Hawaii Medical Center,<br>a Hawaii non-profit corporation,<br><br>   Debtor. | Case No. 11-01746<br>(Chapter 11 Case)<br>(Honorable Robert J. Faris)<br><br>Relates to Docket No. 3 |
| In re:<br><br>Hawaii Medical Center East,<br>a Hawaii non-profit corporation,<br><br>   Debtor. | Case No. 11-01747<br>(Chapter 11 Case)<br>(Honorable Robert J. Faris)<br><br>Relates to Docket No. 3 |

50051/16/75203

| In re: | Case No. 11-01748 |
|---|---|
| Hawaii Medical Center West, a Hawaii non-profit corporation, | (Chapter 11 Case) (Honorable Robert J. Faris) |
| Debtor. | Relates to Docket No. 3 |

## ORDER DIRECTING JOINT ADMINISTRATION OF THE DEBTORS' CASES PURSUANT TO FED. R. BANKR. P. 1015(B)

The Court has considered the Debtors' Motion for an Order Directing Joint Administration of the Debtors' Cases Pursuant to Fed. R. Bankr. P. 1015(b) (the "Motion") filed by Hawaii Medical Center, Hawaii Medical Center East and Hawaii Medical Center West (collectively, the "Debtors"). The Court finds that no further notice of the Motion is required and that good cause exists to grant the Motion.

IT IS HEREBY ORDERED THAT:

1. The Motion shall be, and hereby is GRANTED.

2. Capitalized terms not otherwise defined have the same meanings given to them in the Motion.

3. The Debtors' cases shall be jointly administered for administrative purposes solely, shall not be deemed a substantive consolidation of the Debtors' respective cases, and shall not affect the rights of the respective debtors, their respective estates, or the creditors or parties in interest of the respective estates.

50051/16/75203

4. This order is without prejudice to the rights of the Debtors to seek entry of a separate order to consolidate substantively their respective cases.

5. The caption for any pleading or document filed with the Court shall be in the following form unless otherwise ordered by the Court:

| In re:<br><br>Hawaii Medical Center, et al.,[1]<br><br>Debtors. | Case No. 11-01746<br>(Chapter 11 Case)<br>(Jointly Administered)<br><br>(Honorable Robert J. Faris) |
|---|---|
| This document relates to:<br>[or the name and case number of the case to which the document relates, if less than all] | |

[1] The Debtors are as follows: Hawaii Medical Center, a Hawaii non-profit corporation (Tax No. 20-3409838); Hawaii Medical Center East, a Hawaii non-profit corporation (Tax No. 51-0598670); and Hawaii Medical Center West, a Hawaii non-profit corporation (Tax No. 51-0598672).

6. All original docket entries shall be made in the case of Hawaii Medical Center, Case No. 11-01746 (hereinafter the "Main Case") and a docket entry shall be made in the other captioned cases substantially as follows:

> An order has been entered directing the joint administration of this case with HAWAII MEDICAL CENTER, Case No. 11-01746.

7. Except as stated in paragraph 8 below, all pleadings, motions, and other documents which are filed in the jointly administered cases shall

be docketed and filed in the Main Case, whether or not the pleadings are appropriately captioned.

8. Proofs of claim shall be docketed and filed in the case of the debtor against which the creditor holds a claim. Creditors shall file a separate claim in each case in which the creditor holds a claim. In addition, all documents relating to a claim in a particular case, including, but not limited to, a transfer of a claim and notice thereof, an objection to a claim and responsive pleading thereof, shall be filed in the case in which the claim is registered.

9. The Debtors shall keep separate accounts of property and distribution of each estate, in accordance with Fed. R. Bankr. P. 2009(e).

10. The Debtors also request that the Clerk of the Court maintain a single consolidated matrix pursuant to Fed. R. Bankr. P. 1007(a)(1) containing the names and addresses of the entities included, or to be included on the Debtors' Schedules D, E, F, G and H, from the matrix submitted by the Debtors pursuant to LBR 1007-2(a).

/s/ Robert J. Faris
United States Bankruptcy Judge
Dated: June 24, 2011

In re: Hawaii Medical Center, et al., Case No. 11-01746; ORDER GRANTING DEBTORS' MOTION DIRECTING JOINT ADMINISTRATION OF THE DEBTORS' CASES PURSUANT TO FED. R. BANKR. P. 1015(B)