MCDONALD HOPKINS LLC
Shawn M. Riley (0037235)
Paul W. Linehan (0070116)
John A. Polinko (0073967)
600 Superior Avenue, East, Suite 2100
Cleveland, OH  44114-2653
Telephone:  (216) 348-5400
Facsimile:  (216) 348-5474
Email:   sriley@mcdonaldhopkins.com
         plinehan@mcdonaldhopkins.com
         jpolinko@mcdonaldhopkins.com

MOSELEY BIEHL TSUGAWA LAU & MUZZI
A HAWAII LIMITED LIABILITY LAW COMPANY
Christopher J. Muzzi (6939)
Alakea Corporate Tower
1100 Alakea Street, 23rd Floor
Honolulu, HI  96813
Telephone:  (808) 531-0490
Facsimile:  (808) 534-0202
Email:  cmuzzi@hilaw.us
Proposed Co-Counsel to the Debtors and
Debtors in Possession

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re:<br><br>Hawaii Medical Center, et al.,[1]<br><br>Debtors. | Case No. 11-01746<br>(Chapter 11 Case)<br>(Honorable Robert J. Faris)<br>(Joint Administration Requested) |
| This document relates to:<br>All Cases | Hearing:<br>**Date:  June 23, 2011**<br>**Time:  11:00 a.m.**<br>**Judge:  Robert J. Faris**<br>Relates to Document No. 21 |

---

[1] The Debtors are as follows:  Hawaii Medical Center, a Hawaii non-profit corporation (Tax No. 20-3409838); Hawaii Medical Center East, a Hawaii non-profit corporation (Tax No. 51-0598670); and Hawaii Medical Center West, a Hawaii non-profit corporation (Tax No. 51-0598672).

**ORDER (A) SCHEDULING COMBINED HEARING ON DISCLOSURE STATEMENT AND PLAN CONFIRMATION AND SETTING THE DEADLINE FOR OBJECTING TO DISCLOSURE STATEMENT AND PLAN; (B) APPROVING FORM AND NOTICE OF COMBINED HEARING ON DISCLOSURE STATEMENT AND PLAN CONFIRMATION; (C) ESTABLISHING PROCEDURES FOR OBJECTING TO THE PLAN AND DISCLOSURE STATEMENT; (D) REQUESTING APPROVAL OF <u>SOLICITATION PROCEDURES; AND (E) GRANTING RELATED RELIEF</u>**

Upon the motion (the "<u>Motion</u>")[2] of the above-captioned debtors and debtors-in-possession (collectively, the "<u>Debtors</u>") for entry of an order (the "<u>Order</u>") (a) setting the deadline for objecting to, and scheduling a combined hearing (the "<u>Confirmation Hearing</u>") on the adequacy of the Disclosure Statement and confirmation of the Prepackaged Plan; (b) approving the Confirmation Hearing Notice; (c) establishing procedures for objecting to the Prepackaged Plan and the Disclosure Statement; (d) requesting approval of the Solicitation Procedures; and (e) granting related relief; and upon the *Declaration of Kenneth J. Silva in Support of Chapter 11 Petitions and First Day Motions*; and the Court having found that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2); and the Court having found that venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

CHICAGO/#2212906.2/75201

U.S. Bankruptcy Court - Hawaii   #11-01746   Dkt # 60   Filed  06/24/11   Page 2 of 21

the relief requested is in the best interests of the Debtors' estates, their creditors and other parties in interest; and due and proper notice of this Motion having been provided; and the Court having found that no other or further notice need be provided; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED:

1.    The Motion is granted to the extent set forth below.

2.    The Confirmation Hearing (at which time the Court will consider, among other things, the adequacy of the Solicitation Procedures and Disclosure Statement and confirmation of the Prepackaged Plan) shall commence on August 31, 2011 at 9:30 a.m., which date may be continued from time to time without further notice other than adjournments announced in open court.

3.    Any objections to the Disclosure Statement or confirmation of the Prepackaged Plan must be filed by 4:00 p.m (Hawaii Standard Time) on August 17, 2011 (the "<u>Objection Deadline</u>"), and must: (a) be in writing; (b) conform to the Bankruptcy Rules and the Local Bankruptcy Rules; (c) state the name and address of the objecting party and the amount and nature of the claim or equity interest of such entity or person; (d) state with particularity the basis and nature of any objection to the Prepackaged Plan; and (e) if practicable, describe a proposed modification to the Prepackaged Plan that would resolve such objection.

- 3 -

4.     Any objections to the Disclosure Statement or confirmation of the Prepackaged Plan must be filed, together with proof of service, with the Bankruptcy Court and served so that they are <u>actually</u> <u>received</u> no later than the Objection Deadline, by the following parties: (a) counsel for the Debtors; (b) the Office of the United States Trustee for the District of Hawaii; (c) the entities listed on each of the Debtor's respective *List of Creditors Holding the 20 Largest Unsecured Claims* filed pursuant to Bankruptcy Rule 1007(d); (d) counsel to MidCap; (e) counsel to St. Francis; and (f) any party that requested notice under Bankruptcy Rule 2002.

5.     Any objections not timely filed and served in the manner set forth in this Order may not be considered.

6.     If any objections are received and the Debtors wish to file a written reply in addition to their brief in support of confirmation of the Prepackaged Plan, such briefs shall be due by August 24, 2011 (the "<u>Reply Deadline</u>").

7.     The form of the Confirmation Hearing Notice, substantially in the form attached hereto as **Exhibit 1**, complies with the requirements of Bankruptcy Rules 2002(b), 2002(d), and 3017(d) and is hereby approved.

8.     The form of Ballots, substantially in the form attached hereto as **Exhibit 2**, conform to Official Form No. 14 and comply with Bankruptcy Rule 3017(d) and are hereby approved.

- 4 -

9.     The record date for purposes of determining which holders of Claims and Interests who are not entitled to vote to accept or reject the Prepackaged Plan will receive the Confirmation Hearing Notice shall be June 20, 2011 (the "Record Date").

10.     The Debtors are not required to mail a copy of the Prepackage Plan or the Disclosure Statement to holders of Claims or Interests that are (a) unimpaired and conclusively presumed to accept the Prepackaged Plan or (b) impaired but entitled to receive no distribution on account of such Claims or Interests, and thus deemed to reject the Prepackaged Plan.

11.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

12.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

13.     Notwithstanding the possible applicability of Bankruptcy Rules 6004, 7062 and 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

14.     To the extent that this Order is inconsistent with any prior order or pleading with respect to the Motion in these Chapter 11 Cases, the terms of this Order shall govern.

U.S. Bankruptcy Court - Hawaii   #11-01746   Dkt # 60   Filed 06/24/11   Page 5 of 21

15.    The Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation and enforcement of this Order.


/s/ Robert J. Faris
**United States Bankruptcy Judge**
Dated: June 24, 2011

---

In re: HAWAII MEDICAL CENTER, et al., Case No. 11-01746 (Jointly Administered); ORDER (A) SCHEDULING COMBINED HEARING ON DISCLOSURE STATEMENT AND PLAN CONFIRMATION AND SETTING THE DEADLINE FOR OBJECTING TO DISCLOSURE STATEMENT AND PLAN; (B) APPROVING FORM AND NOTICE OF COMBINED HEARING ON DISCLOSURE STATEMENT AND PLAN CONFIRMATION; (C) ESTABLISHING PROCEDURES FOR OBJECTING TO THE PLAN AND DISCLOSURE STATEMENT; (D) REQUESTING APPROVAL OF SOLICITATION PROCEDURES; AND (E) GRANTING RELATED RELIEF

CHICAGO/#2212906.2/75201

U.S. Bankruptcy Court - Hawaii   #11-01746   Dkt # 60   Filed 06/24/11   Page 6 of 21

# EXHIBIT 1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF HAWAII

In re:

Hawaii Medical Center, et al.,[1]

    Debtors.

This document relates to:
All Cases

Case No. 11-01746
(Chapter 11 Case)
(Honorable Robert J. Faris)
(Jointly Administered)

## SUMMARY OF PLAN OF REORGANIZATION
## AND NOTICE OF COMBINED HEARING ON (I) DISCLOSURE
## STATEMENT AND (II) CONFIRMATION OF PLAN
## <u>OF REORGANIZATION AND OTHER RELATED MATTERS</u>

**NOTICE IS HEREBY GIVEN** as follows:

    1.    On June 21, 2011 (the "Petition Date"), the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") filed with the United States Bankruptcy Court for the District of Hawaii (the "Bankruptcy Court") a proposed plan of reorganization (the "Plan") and a proposed disclosure statement (the "Disclosure Statement") pursuant to sections 1125 and 1126(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"). Copies of the Plan and the Disclosure Statement are on file with the Clerk of the Bankruptcy Court, 1132 Bishop Street, Suite 250L, Honolulu, Hawaii 96813, where they are available for review between the hours of 9:00 a.m. - 4:30 p.m. (Hawaii time), are available electronically at https://ecf.hib.uscourts.gov/ for a fee, or may be obtained at no cost upon written request to the Debtors' counsel at the addresses specified below:

---

[1] The Debtors are as follows: Hawaii Medical Center, a Hawaii non-profit corporation (Tax No. 20-3409838); Hawaii Medical Center East, a Hawaii non-profit corporation (Tax No. 51-0598670); and Hawaii Medical Center West, a Hawaii non-profit corporation (Tax No. 51-0598672).

75170v2

MOSELEY BIEHL TSUGAWA LAU & MUZZI
A HAWAII LIMITED LIABILITY LAW COMPANY
Christopher J. Muzzi (6939)
Alakea Corporate Tower
1100 Alakea Street, 23rd Floor
Honolulu, HI 96813
Facsimile: (808) 534-0202
Email: **HMCBKCASE@hilaw.us**

2.     The Plan is a "prepackaged" plan of reorganization.    The primary purpose of the Plan is to effectuate a restructuring of the Debtors' capital structure in order to bring them into alignment with the Debtors' present and future operating prospects and to provide the Debtors with greater liquidity.    Presently, based on the current outlook, the funds expected to be generated by the Debtors' operation of their business and other sources will not be sufficient to meet the Debtors' debt service and operational obligations unless the restructuring is consummated.    The Debtors believe that the restructuring will reduce the Debtors' debt and increase their liquidity through a new $15 million secured revolving credit facility provided by MidCap Financial, LLC ("MidCap") and a cash infusion of up to $5.2 million from St. Francis Healthcare System of Hawaii ("St. Francis"), which the Debtors anticipate will better position them to continue to provide health-care services to the community.

3.     Below is a table highlighting the dates relevant to the Confirmation Hearing and the Objection Deadline:

| Deadlines | |
|---|---|
| Objection Deadline | August 17, 2011 |
| Reply and Brief in Support Deadline | August 24, 2011 |
| Confirmation Hearing | August 31, 2011 at 9:30 a.m. HST |

**Classification and Treatment of Claims and Interests**

4.     The Plan provides for the following classification and treatment of Claims and Interests:

75170v2

2

a. <u>MidCap Secured Claim</u>: The MidCap Secured Claim shall be Allowed in the principal amount of $7,676,495.82, plus all applicable interest, fees (including without limitation the MidCap Early Termination Claim) and costs of MidCap pursuant to the MidCap Credit Documents (the "<u>Allowed MidCap Secured Claim</u>"). On the Effective Date, together with other distributions provided for in the Plan, in full satisfaction, settlement, release and discharge of and in exchange for the Allowed MidCap Secured Claim, the Reorganized Debtors shall pay MidCap an amount of Cash, with the proceeds from the Exit Facility, equal to (i) the Allowed MidCap Secured Claim, less (ii) the sum of (a) all amounts received by MidCap and applied to permanently reduce the MidCap Secured Claim on or before the Effective Date and (b) the MidCap Early Termination Claim. The Allowed MidCap Secured Claim will receive a less than 100% recovery.

b. <u>St. Francis Secured Claim</u>: The St. Francis Secured Claim shall be Allowed as a Secured Claim in the principal amount of $39,175,277.61, plus all applicable interest, fees and costs of St. Francis pursuant to the St. Francis Credit Documents (the "<u>Allowed St. Francis Secured Claim</u>"). On the Effective Date, together with other distributions provided for in the Plan, in full satisfaction, settlement, release and discharge of and in exchange for the Allowed St. Francis Secured Claim, (a) the St. Francis Designees shall receive fee title to the Transferred Real Properties; and (b) each of HMC, HMCE, and HMCW will merge with and into the Reorganized Debtors, which consist of existing subsidiaries of St. Francis. In addition, the real property leases between St. Francis and the Debtors shall be assumed with certain modifications.

c. <u>Other Secured Claims</u>: Other Secured Claims are unimpaired under the Prepackaged Plan and will be either paid in full or reinstated, receiving a 100% recovery.

d. <u>Other Priority Claims</u>: Other Priority Claims are unimpaired under the Prepackaged Plan and will be either paid in full or reinstated, receiving a 100% recovery.

e. <u>General Unsecured Claims</u>: The Debtors' estimate that there are approximately $22 million in General Unsecured Claims. General Unsecured Claims will receive a 0% recovery, will not

U.S. Bankruptcy Court - Hawaii  #11-01746  Dkt # 60  Filed  06/24/11  Page 10 of 21

receive any distribution under the Prepackaged Plan, and will be discharged.

f. <u>Intercompany Claims</u>: Intercompany Claims will receive a 0% recovery, will not receive any distribution under the Prepackaged Plan, and will be discharged.

g. <u>Interests</u>: All Interests in the Debtors will be canceled and will not receive any distribution under the Prepackaged Plan.

5. Further, the Plan proposes to pay Administrative Claims in full and to pay Priority Tax Claims in full over time.

## Discharges and Injunctions

6. The Plan contains the following provisions:

a. Discharge of Claims, Administrative Expenses and Interests.

Except as provided in the Plan or Confirmation Order, the rights afforded hereunder and the treatment of Claims, Administrative Expense Claims and Interests thereunder will be in exchange for and in complete satisfaction, discharge and release of all Claims and Administrative Expense Claims and termination of all Interests, including any interest accrued on Claims from the Petition Date. Except as provided in the Plan or the Confirmation Order, Confirmation will: (i) discharge the Debtors and Reorganized Debtors from all Claims, Administrative Expense Claims or other debts that arose before the Confirmation Date and all debts of the kind specified in sections 502(g), 502(h) or 502(i) of the Bankruptcy Code, whether or not (a) a proof of Claim based on such debt is filed or deemed filed pursuant to section 501 of the Bankruptcy Code, (b) a Claim based on such debt is allowed pursuant to section 502 of the Bankruptcy Code or (c) the Holder of a Claim or Administrative Expense Claim based on such debt has accepted the Plan; and (ii) terminate all Interests and other rights of Interest Holders in the Debtors. As of the Confirmation Date, except as provided in the Plan or the Confirmation Order, all Persons shall be precluded from

U.S. Bankruptcy Court - Hawaii  #11-01746  Dkt # 60  Filed  06/24/11  Page 11 of 21

asserting against the Debtors, the Reorganized Debtors, their successors or their property, any other or further claims, debts, rights, causes of action, liabilities or equity interests based upon any act, omission, transaction or other activity of any nature that occurred prior to the Confirmation Date. For greater certainty, no guarantee executed by any person other than a Debtor shall be discharged or otherwise affected by the Plan or by the Confirmation Order. All such guarantees shall remain in full force and effect.

      b.    Injunctions.

Except as provided in the Plan or the Confirmation Order, as of the Effective Date, all Persons that have held, currently hold or may hold a Claim or other debt or liability that is satisfied or released, as applicable, or an Interest or other right of an equity security holder that is terminated pursuant to the terms of the Plan will be permanently enjoined from taking any of the following actions on account of any such discharged or satisfied Claims, debts or liabilities or terminated Interests or rights: (a) commencing or continuing in any manner any action or other proceeding against the Debtors, the Estates, the Reorganized Debtors or their respective property, other than to enforce any right pursuant to the Plan to a distribution; (b) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order against the Debtors, the Reorganized Debtors or their respective property, other than as permitted pursuant to (a) above; (c) creating, perfecting or enforcing any lien or encumbrance against the Debtors, Estates, the Reorganized Debtors or their respective property; (d) asserting a setoff, right of subrogation or recoupment of any kind against any debt, liability or obligation due to the Debtors, Estates, or the Reorganized Debtors; and (e) commencing or continuing any action, in any manner, in any place that does not comply with or is inconsistent with the provisions of the Plan.

As of the Effective Date, all Persons that have held, currently hold or may hold any claims, obligations, suits,

U.S. Bankruptcy Court - Hawaii  #11-01746  Dkt # 60  Filed 06/24/11  Page 12 of 21

judgments, damages, demands, debts, rights, causes of action or liabilities that are released pursuant to the Plan will be permanently enjoined from taking any of the following actions against any released Person or its property on account of such released claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action or liabilities: (a) commencing or continuing in any manner any action or other proceeding; (b) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order; (c) creating, perfecting or enforcing any Lien; (d) asserting a setoff, right of subrogation or recoupment of any kind against any debt, liability or obligation due to any released Person; and (e) commencing or continuing any action, in any manner, in any place that does not comply with or is inconsistent with the provisions of the Plan.

By accepting any distributions pursuant to the Plan, each Holder of an Allowed Claim or Interest receiving distributions pursuant to the Plan will be deemed to have specifically consented to the injunctions set forth in Section 13.6 of the Plan.

## Hearing on Confirmation of the Plan and the Adequacy of the Disclosure Statement

7.  The hearing to consider compliance with the disclosure requirements, any objections to the Disclosure Statement, confirmation of the Plan, any objections thereto and any other matter that may properly come before the Court shall be held before the Honorable Robert J. Faris of the United States Bankruptcy Court, 1132 Bishop Street, Suite 250L, Honolulu, Hawaii 96813, on **August 31, 2011 at 9:30 a.m. (Hawaii Time)** (the "Confirmation Hearing"). The Confirmation Hearing may be adjourned from time to time without further notice other than an announcement of the adjourned date or dates in open court or at the Confirmation Hearing and will be available on the electronic case filing docket.

8.  Any objections to the Plan must be filed, together with proof of service, with the Court and served so that they are actually received by the notice parties identified in paragraph (e) below by **August 17, 2011 at 4:00 p.m.** Hawaii Time (the "Objection Deadline") and must:

a.   be in writing;

b.   comply with the Bankruptcy Rules and the Local Rules;

c.   state the name and address of the objecting party and the amount and nature of the claim or equity interest of such entity or person;

d.   state with particularity the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and

e.   be served upon: (i) McDonald Hopkins LLC, 600 Superior Avenue East #2100, Cleveland, OH 44114 (Attn: Sean M. Riley, Esq. and Paul W. Linehan, Esq.) and Moseley Biehl Tsugawa Lau & Muzzi, Alakea Corporate Tower, 1100 Alakea Street, 23rd Floor, Honolulu, HI 96813 (Attention: Christopher J. Muzzi, Esq.), proposed counsel to the Debtors; (ii) the Office of the United States Trustee, 1132 Bishop Street, Suite 602, Honolulu, HI 96813-2830; (iii) Vedder Price P.C., 222 N. LaSalle Street, Suite 2600, Chicago, IL (Attn: Michael M. Eidelman, Esq. and Stephanie Hor-Chen, Esq.) and Case Lombardi & Pettit, Pacific Guardian Center, Mauka Tower, 737 Bishop Street, Suite 2600, Honolulu, HI 96813 (Attn: Ted N. Pettit, Esq.), counsel to MidCap Financial, LLC; (iv) Dewey & LeBoeuf LLP, 333 South Grand Avenue, Suite 2600, Los Angeles, CA 90071-1530 (Attn: Joshua M. Mester, Esq.), counsel to St. Francis Healthcare System of Hawaii; (v) the entities listed on each of the Debtor's respective *List of Creditors Holding the 20 Largest Unsecured Claims* filed pursuant to Bankruptcy Rule 1007(d); (vi) counsel to any official committee appointed in these cases; and (vii) any party requesting notice under Bankruptcy Rule 2002.

**UNLESS AN OBJECTION IS TIMELY SERVED AND FILED IN ACCORDANCE WITH THIS NOTICE, IT MAY NOT BE CONSIDERED BY THE BANKRUPTCY COURT.**

**You are advised to carefully review and consider the Plan, including the discharge, injunction, indemnification obligations and release provisions, as your rights might be affected.**

Dated:  June __, 2011

/s/ Christopher J. Muzzi
CHRISTOPHER J. MUZZI
Moseley Biehl Tsugawa Lau & Muzzi

and

SHAWN M. RILEY
PAUL W. LINEHAN
JOHN A. POLINKO

MCDONALD HOPKINS LLC

PROPOSED CO-COUNSEL FOR THE
DEBTORS AND DEBTORS IN
POSSESSION

# EXHIBIT 2

# IN THE UNITED STATES BANKRUPTCY COURT
## DISTRICT OF HAWAII

| | |
|---|---|
| In re:<br><br>Hawaii Medical Center, *et al.*,[1]<br><br>Debtors. | Case No. _____<br>(Chapter 11 Case)<br>(Jointly Administered)<br>(Honorable _____)<br><br>BALLOT FOR CLASSES 1A THROUGH 3A (MIDCAP SECURED CLAIM) TO ACCEPT OR REJECT DEBTORS' PLAN OF REORGANIZATION |

Hawaii Medical Center, Hawaii Medical Center West, and Hawaii Medical Center East (collectively, the "Debtors") entered into that certain Restructuring Support Agreement with MidCap Financial, LLC, St. Francis Healthcare System of Hawaii, St. Francis Medical Center, and St. Francis Medical Center-West dated as of June 20, 2011 (the "Restructuring Support Agreement").

In accordance with the Restructuring Support Agreement, the Debtors have prepared the Debtors' Plan of Reorganization (the "Plan"), and a proposed Disclosure Statement with respect to the Plan (the "Disclosure Statement"). The Debtors anticipate commencing voluntary petitions under chapter 11 of the United States Bankruptcy Code with the United States Bankruptcy Court for the District of Hawaii (the "Bankruptcy Court") and seeking approval of the Disclosure Statement and confirmation of the Plan.

You should review the Plan and the Disclosure Statement before you vote. You may wish to seek legal, financial, and other advice concerning the Plan and your classification and treatment under the Plan, and the tax consequences arising from the Plan. If the Bankruptcy Court confirms the Plan, it will be binding on you whether or not you vote.

The Plan classifies at least one of your claims into Classes 1A through 3A. If you hold claims that have been classified into other classes, you should receive a ballot for each class for which you are entitled to vote. If you do not, please

---

[1] The Debtors are as follows: Hawaii Medical Center, a Hawaii non-profit corporation (Tax No. 20-3409838); Hawaii Medical Center East, a Hawaii non-profit corporation (Tax No. 51-0598670); and Hawaii Medical Center West, a Hawaii non-profit corporation (Tax No. 51-0598672).

75163

contact the Ballot Tabulator, as indicated in the attached instructions, for an additional ballot.  If you do not have a copy of the Plan or the Disclosure Statement, you may obtain a copy upon written request to the Ballot Tabulator at the address set forth in the accompanying instructions.  Capitalized terms not defined in this Ballot are as defined in the Plan and the Disclosure Statement.

PLEASE REVIEW THE ATTACHED VOTING INFORMATION AND INSTRUCTIONS CAREFULLY.  IF YOUR BALLOT IS NOT RECEIVED BY THE BALLOT TABULATOR BY **June 21, 2011, AT 12:00 P.M. HAWAII STANDARD TIME**, YOUR VOTE WILL NOT COUNT AS AN ACCEPTANCE OR REJECTION OF THE PLAN.

<u>ACCEPTANCE OR REJECTION OF THE PLAN</u>

The undersigned, a holder of the MidCap Secured Claim included in Classes 1A, 2A, and 3A against the Debtors in the following amount: <u>$8,325,525.86</u> votes with respect to the Plan as follows *(check only one box)*:

☐ TO ACCEPT THE PLAN        ☐ TO REJECT THE PLAN

75163

By signing this Ballot, the undersigned certifies that he or she has received a copy of the Plan and the Disclosure Statement and is authorized to vote the claim to which this Ballot relates.

_____

*Date*

_____ MidCap Financial, LLC _____

*Print or type name of creditor*

_____

*Signature*

_____

*If authorized agent, name and title*

_____

_____

*Address*

_____

*Telephone*

_____

*Facsimile*

_____

*Social Security Number or Tax Identification Number*

75163

## VOTING INFORMATION AND INSTRUCTIONS FOR
## COMPLETING THE BALLOT

The accompanying ballot (the "Ballot") is to be used for casting votes to accept or reject the *Debtors' Plan of Reorganization* (the "Plan"). This Ballot summarizes certain information that is set forth in the Plan and the Disclosure Statement with respect to the Plan (the "Disclosure Statement"), which have been delivered to you. Please refer to the Plan and the Disclosure Statement for further information.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of two-thirds in amount and more than one-half in number of claims or interests of those actually voting in each class of claims or interests under the Plan. In the event that the requisite acceptances are not obtained, however, the Bankruptcy Court also may confirm the Plan if it determines that the Plan accords fair and equitable treatment to the dissenting class or classes and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.

FOR YOUR VOTE TO BE COUNTED AS VOTING FOR OR AGAINST THE PLAN, YOU MUST COMPLETE THE BALLOT IN ITS ENTIRETY (INCLUDING, AMONG OTHER INFORMATION, YOUR INDICATION OF ACCEPTANCE OR REJECTION OF THE PLAN IN THE APPROPRIATE SPACE, AND YOUR SIGNATURE) AND THEN RETURN THE BALLOT TO THE BALLOT TABULATOR AT THE ADDRESS INDICATED BELOW. DULY EXECUTED BALLOTS MUST BE RECEIVED BY THE BALLOT TABULATOR BY NO LATER THAN **June 21, 2011, AT 12:00 P.M. HAWAII STANDARD TIME (THE "VOTING DEADLINE")**. IF YOUR BALLOT IS RECEIVED AFTER THE VOTING DEADLINE, IT WILL NOT BE COUNTED.

YOUR BALLOT MUST BE RETURNED TO THE BALLOT TABULATOR AT THE FOLLOWING ADDRESS:

> MOSELEY BIEHL TSUGAWA LAU & MUZZI
> Attention: Christopher J. Muzzi
> Alakea Corporate Tower, 23rd Floor
> 1100 Alakea Street
> Honolulu, HI 96813
> Fax (808) 534-0202
> Email: cmuzzi@hilaw.us

75163

Ballots may be returned by facsimile or e-mail.

If you hold claims classified into other classes under the Plan, you should receive a separate Ballot for such claims. If you do not, you may contact the Ballot Tabulator to obtain an additional Ballot. Each Ballot votes only the claims or interests marked on the Ballot. Your vote will be counted in determining acceptance or rejection of the Plan with respect to a particular class only if you fill out and return the Ballot specifically labeled for such class in accordance with the instructions that accompany such Ballot.

If you complete and return more than one Ballot for the same claim, the latest valid Ballot received before the Voting Deadline will be the only Ballot that is counted absent further order from the Bankruptcy Court. Do not return any securities, instruments, or other documentation with your Ballot. If your Ballot is damaged, or if you have any questions concerning voting procedures, please contact the Ballot Tabulator. The Ballot is for voting purposes only and does not constitute and will not be deemed to constitute a proof of claim or proof of interest or an amendment to a proof of claim with respect to the Debtor.

75163