PACHULSKI STANG ZIEHL & JONES LLP
Samuel R. Maizel (CA Bar No. 189301)
Malhar S. Pagay (CA Bar No. 189289)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067-4100
Telephone: 310-277-6910
Facsimile: 310-201-0760
E-mail: smaizel@pszjlaw.com; mpagay@pszjlaw.com

WAGNER CHOI & VERBRUGGE
James A. Wagner
Chuck C. Choi
745 Fort Street, Suite 1900
Honolulu, Hawaii 96813
Telephone: 808-533-1877
Facsimile: 808-566-6900
E-mail: jwagner@hibklaw.com; cchoi@hibklaw.com

Attorneys for the Official Committee of Unsecured Creditors

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF HAWAII

| In re:<br><br>HAWAII MEDICAL CENTER, et al.,[1]<br>   Debtors. | Case No. 11-01746<br>Chapter 11<br>(Jointly Administered)<br><br>**Confirmation Hearing**<br>**Date: September 13, 2011** |
|---|---|
| This document relates to:<br>ALL CASES | **Time: 2:00 p.m.**<br>**Judge: Hon. Robert J. Faris** |

---

[1] The Debtors are as follows: Hawaii Medical Center, a Hawaii non-profit corporation (Tax No. xx-xxx9838); Hawaii Medical Center East, a Hawaii non-profit corporation (Tax No. xx-xxx8670); and Hawaii Medical Center West, a Hawaii non-profit corporation (Tax No. xx-xxx8672).

# STIPULATED ORDER RESOLVING COMMITTEE'S OBJECTIONS TO CONFIRMATION HEARING ON DEBTORS' PLAN OF REORGANIZATION, DATED JUNE 21, 2011; EXHIBIT "A"

This Stipulated Order is entered by and between the above-captioned debtors and debtors in possession (collectively, the "Debtors"), the Official Committee of Unsecured Creditors appointed in the Debtors' cases (the "Committee"), St. Francis Healthcare System of Hawaii, St. Francis Medical Center, St. Francis Medical Center – West, St. Francis Hospitals Hawaii (collectively, "St. Francis"), and MidCap Financial LLC ("MidCap", and together with the Debtors, the Committee, and St. Francis, the "Parties"), with reference to the following facts.

WHEREAS, on June 24, 2011, the Bankruptcy Court entered an *Order (A) Scheduling Combined Hearing on Disclosure Statement and Plan Confirmation and Setting the Deadline for Objecting to Disclosure Statement and Plan; (B) Approving Form and Notice of Combined Hearing on Disclosure Statement and Plan Confirmation; (C) Establishing Procedures for Objecting to the Plan and Disclosure Statement; (D) Requesting Approving of Solicitation Procedures; and (E) Granting Related Relief* (the "Scheduling Order").

WHEREAS, the hearing on confirmation of the Debtors' Plan of Reorganization, dated June 21, 2011 (the "Plan") and adequacy of the disclosure

statement, was continued by agreement to September 12, 2011, at 10:00 a.m., and thereafter until September 13, 2011, at 2:00 p.m. (the "Combined Hearing").

WHEREAS, the Committee has filed, among other things, its *Omnibus Objection to Disclosure Statement for Debtors' Plan of Reorganization and Debtors' Plan of Reorganization* (the "Objection"), docket number 296.

WHEREAS, the Parties hereto have agreed to settle the Committee's Objection on the terms and conditions set forth in the Final Terms of Settlement (September 13, 2011), attached hereto as Exhibit "A" (the "Final Settlement").

IT IS HEREBY AGREED THAT:

1. The Final Settlement is hereby approved.

2. The Combined Hearing date shall be adjourned until October 5, 2011, at 9:30 a.m.

IT IS SO ORDERED:

/s/ _____ SEP 1 5 2011
**United States Bankruptcy Judge**

STIPULATED AND AGREED TO:

_____
Shawn M. Riley
Paul W. Linehan
Christopher J. Muzzi
Attorneys for Debtors

_____
Bruce Bennett
Joshua M. Mester
Attorney for St. Francis Healthcare System of
Hawaii, St. Francis Medical Center,
St. Francis Medical Center, St. Francis Medical Center-West


_____
Douglas Liptke
Michael Eidelman
Ted Pettit
Attorneys for MidCap Financial LLC

4

_[signature]_

Samuel R. Maizel
Malhar S. Pagay
Chuck C. Choi
Attorneys for Official Committee
of Unsecured Creditors

*In re: Hawaii Medical Center, et al.*; Case No. 11-01746; STIPULATED ORDER RESOLVING COMMITTEE'S OBJECTIONS TO CONFIRMATION HEARING ON DEBTORS' PLAN OF REORGANIZATION DATED JUNE 21, 2011

## Final Terms of Settlement (September 13, 2011)

1.  <u>Plan Modification/Liquidating Trust Note</u> - The Plan shall be modified to provide general unsecured creditors with a *pro rata* share of a liquidating trust ("<u>Liquidating Trust</u>") that shall be funded with a single non-interest bearing unsecured note (the "<u>Liquidating Trust Note</u>") issued by the Reorganized Debtors, each of which shall be jointly and severally liable therefor. The Liquidating Trust Note shall be paid by the Reorganized Debtors as follows, provided, however, that in no event shall the Reorganized Debtors be obligated to pay more than $3,500,000 in the aggregate on account of the Liquidating Trust Note:

    (a) First payment (the "<u>First Payment</u>") of $500,000 payable on the thirty-first day (31st) following the Effective Date (the "<u>Initial LT Note Payment Date</u>").

    (b) Second payment ("<u>Second Payment</u>") payable on the first anniversary of the Initial LT Note Payment Date (the "<u>Second LT Note Payment Date</u>") equal to 30% of "Free Cash Flow" (hereafter defined) for the first 12-month period following the Effective Date up to a maximum of $1 million.

    (c) Third payment ("<u>Third Payment</u>") payable on the second anniversary of the Initial LT Note Payment Date (the "<u>Third LT Note Payment Date</u>") equal to 32% of "Free Cash Flow" for the second 12-month period following the Effective Date up to a maximum of $1 million.

    (d) Fourth payment ("<u>Fourth Payment</u>") payable on the third anniversary of the Initial LT Note Payment Date (the "<u>Fourth LT Note Payment Date</u>") equal to 42% of "Free Cash Flow" for the third 12-month period following the Effective Date up to a maximum of $1 million.

    (d) Fifth payment ("<u>Fifth Payment</u>" and together with the First Payment, Second Payment, Third Payment, and Fourth Payment, the "<u>LT Note Payments</u>") payable on the fourth anniversary of the Initial LT Note Payment Date (the "<u>Fifth LT Note Payment Date</u>" and together with Second LT Note Payment Date, the Third LT Note Payment Date, and the Fourth LT Note Payment Date, the "<u>Periodic Payment Dates</u>") equal to 50% of "Free Cash Flow" for the fourth 12-month period following the Effective Date up to a maximum of $1 million.

    "<u>Free Cash Flow</u>" shall be calculated on a consolidated basis as EBITDA, <u>less</u>: (a) interest; (b) capital lease obligations; (c) taxes (including general excise taxes paid pursuant to the Plan), (d) cure amounts to the extent not already deducted in determining EBITDA; and (e) capital expenditures, <u>provided however</u>, that for the purposes of calculating "Free Cash Flow," the aggregate amount of annual capital lease obligations (including principal and interest) and capital expenditures shall not exceed $6.5 million in any one year; the rent expense with respect to the "Amended St. Francis Leases" (as defined in the Plan) shall be calculated as $2 million during the first twelve months after the Effective Date and $2.5 million each twelve months thereafter; priority taxes shall not exceed $300,000 in any year; and interest shall not exceed $2 million in any year.

2.  <u>Committee Professional Fees</u> – (a) Non-Hawaii counsel to the Committee agrees for the period from the Petition Date through September 11, 2011 to reduce its request for allowance of fees and expenses by an amount equal to the greater of (i) ten percent (10%) of fees; or (ii) 5% of

# EXHIBIT A

fees after taking into consideration the waiver of fees incurred for travel and all travel-related expenses; and (b) Committee professionals agree to a cap of $50,000 in fees in the aggregate incurred from September 12, 2011, through the Effective Date.

3. <u>Liquidating Trustee</u> – The Committee shall have the right to designate the trustee of the Liquidating Trust ("<u>Liquidating Trustee</u>") in its sole and absolute discretion. The fees and costs of the Liquidating Trustee shall be paid solely from the assets of the Liquidating Trust. Commencing on the first calendar quarter following the Effective Date, not later than 30 days after the close of each calendar quarter, the Reorganized Debtors shall provide to the Liquidating Trustee with copies of the Reorganized Debtors quarterly financial statements. On a Periodic Payment Date (other than the Initial LT Note Payment Date), the Reorganized Debtors shall provide the Liquidating Trustee with a calculation of the applicable LT Note Payment together with a certification attesting to the accuracy of the calculation of the LT Note Payment.

4. <u>Liquidity Event</u> – (a) Upon a sale, lease, exclusive license, or other conveyance of all or substantially all of the assets and properties of either St. Francis Hospital Liliha ("<u>East</u>") or St. Francis Hospital Ewa ("<u>West</u>") in one transaction or a series of transactions, a merger or consolidation of either East or West with and into any other corporation or entity, or any other business transaction as a result of which the equity holders of either East or West, as applicable, immediately after to the transaction hold less than 50% of the voting interests of the surviving corporation or other entity after the transaction (each, a "<u>Sale Event</u>"), then the Liquidating Trust would have the right to receive as a prepayment on the Liquidating Trust Note the following amounts:

    (i) If the Sale Event relates to East, 33 1/3% of the net proceeds received by the Reorganized Debtors in excess of $13 million, up to the Remaining LT Note Balance; or

    (ii) If the Sale Event relates to West, 33 1/3% of the net proceeds received by the Reorganized Debtors in excess of $23 million, up to the Remaining LT Note Balance.

(b) Upon a merger or consolidation of St. Francis Hospitals Hawaii ("<u>SFHH</u>") with and into any other corporation or entity, or any other business transaction as a result of which the equity holders of SFHH immediately after the transaction hold less than 50% of the voting interests of the surviving corporation, or other entity after the transaction (each, a "<u>Parent Sale Event</u>"), then the Liquidating Trust would have the right to receive as a prepayment on the Liquidating Trust Note an amount equal to 33 1/3% of the net proceeds received by SFHH or its equity holders in excess of $36 million, up to the then Remaining LT Note Balance.

    "<u>Remaining LT Note Balance</u>" shall be equal to the maximum aggregate amount of any LT Note Payment due on all Periodic Payment Dates scheduled to arise after the Sale Event or the Parent Sale Event, as applicable.

5. <u>Transfer of Rights to Liquidating Trust</u> – As of the Effective Date, the Debtors and Estates shall transfer to the Liquidating Trust all actions arising under sections 510, 544, 547, 548, 549, 550, and 553 of the Bankruptcy Code and other similar applicable non-bankruptcy law of the Debtors and their Estates against the members of the Committee.

6. <u>Objections to Unsecured Claims</u> – The Plan shall provide that all rights to object to general unsecured claims asserted in the Cases shall vest exclusively in the Liquidating Trust.

2

7. <u>CMS Settlement</u> - Conditioned on agreement with DOJ/CMS/HHS acceptable to St. Francis and MidCap Financial LLC ("MidCap") with respect to resolution of Stark issues and assumption of Medicare and Medicaid Provider Agreements.

8. <u>Committee Support of Plan</u> - Committee withdraws objections to confirmation of the Plan and the motion for entry of final decree in the 2008 Cases, and motions to dismiss 2008 Cases and 2011 Cases, with prejudice, and agrees to support confirmation of a Plan with modification to effectuate settlement described above.

9. <u>Objection to Alvarez & Marsal Employment</u> – Any objection to the Committee's employment to Alvarez & Marsal Healthcare Industry Group, LLC ("<u>A&M</u>"), is withdrawn, subject to the submission of a modified order regarding the terms of A&M's proposed employment in a form and substance acceptable to MidCap and St. Francis.

10. <u>Committee Dissolution</u> – The Plan shall provide for the dissolution of the Committee on the Effective Date.

11. <u>MidCap Inter-Creditor/Subordination Agreement</u> – The Liquidating Trustee and MidCap shall enter into an inter-creditor and subordination agreement in form and substance acceptable to MidCap, St. Francis, and the Committee.

3

U.S. Bankruptcy Court - Hawaii #11-01746 Dkt # 374 Filed 09/15/11 Page 8 of 8